UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUSTIN ODELL LANGFORD, *et al.*,<br><br>Plaintiff,<br>v.<br>JAMES DZURENDA, *et al.*,<br><br>Defendants. | Case No. 3:19-cv-00155-MMD-WGC<br><br>ORDER |

## I. DISCUSSION

Plaintiff Justin Odell Langford, a pro se prisoner, previously filed an application to proceed in forma pauperis and submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 that purported to be on behalf of himself and his father, Roger Dale Langford, who is not a prisoner. (ECF No. 1, 1-1.) The Court informed both Justin Odell Langford and Roger Dale Langford that Justin Odell Langford has no authority to represent anyone other than himself and that he could not represent Roger Dale Langford. (ECF Nos. 6 and 7). The Court also informed Roger Dale Langford that, if he wished to pursue a legal action, he must file his own complaint and either pay the filing fee or file an application to proceed in forma pauperis for non-prisoners. (ECF No. 7 at 1-2.)

Roger Dale Langford subsequently filed a complaint and an application to proceed in forma pauperis for non-prisoners. (ECF No. 17, 18). Justin Odell Langford filed a document he characterized as "Judicial Notice" in which he appears to challenge the

1

Court's ruling that he may not represent his father and asks for reinstatement of the original complaint. (ECF No. 9.) The Court construes this as a motion for reconsideration of its ruling that Justin Odell Langford may not represent his father in court.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

As the Court previously explained, pro se litigants have no authority to represent anyone other than themselves. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Plaintiff provides no valid basis for the Court to disregard this law. Therefore, Justin Odell Langford may not represent Roger Dale Langford in this Court.[1] The Court therefore denies the motion for reconsideration (ECF No. 9).

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that ECF No. 9 is construed as a motion for reconsideration of the ruling in ECF No. 6 and ECF No. 7 that Justin Odell Langford may not represent Roger Dale Langford in court.

It is further ordered that the motion for reconsideration (ECF No. 9) is denied.

---

[1] The Court also notes that it cannot reinstate the original complaint because the original complaint was not signed. (See ECF No. 1-1 and ECF No. 7). Plaintiff was required to file a signed complaint. Fed.R.Civ.P. 11(a).

2

It is further ordered that the Clerk of the Court is instructed to open a new case for Roger Dale Langford and transfer his application to proceed in forma pauperis (ECF No. 17) and his first amended complaint (ECF No. 18) to the new case. The address of record for Roger Dale Langford shall be 350 E. Surprise, Apt. 104, P.O. Box 942, Searchlight, NV 89046.

DATED: January 10, 2020.

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE